Wesley Tillinghast
vs. } Eq. No. 12392.
Sylvia J. Upham

May 17, 1934.

CARPENTER, J. This is an action in equity, heard on bill, answer and

proof, brought by the complainant to set aside and cancel certain deeds of real estate located in the town of East Providence, County of Providence and State of Rhode Island. After the original bill was filed, Wesley Tillinghast, the complainant, deceased, and Ethel Dalrymple, daughter of Wesley Tillinghast, was made complainant in an amended bill of complainant, and the matter was heard upon said amended bill of complaint, answer and proof.

It appeared from the evidence that Wesley Tillinghast lived in East Providence for many years and that he was seized and possessed of three lots of land described in the deeds as set forth in the bill of complaint; that he became acquainted with one Fannie L. Baker, to whom he became engaged to be married, and that said Fannie L. Baker requested Mr. Tillinghast to deed to her, and he agreed to deed to her, the lots of land in question before the marriage should take place; that on the second day of January, 1923, said Wesley Tillinghast deeded said land to Fannie L. Baker, and the deed was properly acknowledged and recorded in the East Providence Records of Deeds, in Book 91, Page 145. Thereafter, on March 1, 1923, said parties were married in the city of Fall River, a copy of the marriage certificate being in evidence. At the time of their marriage, Wesley Tillinghast was 70 years of age and Fannie L. Baker was 74 years of age.

A short time after they were married, a small house was built upon the land in question at a cost of about $2,000, in which house Mr. and Mrs. Tillinghast lived together until the death of Mrs. Tillinghast in 1933. In January, 1934, Wesley Tillinghast died.

This bill is brought by the daughter of Wesley Tillinghast to set aside and cancel the deed of Wesley M. Tillinghast to Fannie L. Baker, herein set out, and also to cancel and set aside certain other deeds. The complainant alleges that Wesley Tillinghast at the time he executed the deed in question was insane and incapable of signing the deed and transferring the property. It is also alleged that Mr. Tillinghast came under the domination of Fannie L. Baker, but that this did not take place until after the deed of Wesley M. Tillinghast to Fannie L. Baker was executed. Therefore, it is not necessary at this time to consider the question of domination or undue influence, if such was intended to be claimed.

Two doctors testified that Mr. Tillinghast was insane for many years, and there were numerous lay witnesses. who testified to the same effect, describing certain actions of Mr. Tillinghast. On the other hand, we have evidence that Mr. Tillinghast, although perhaps he was not one of the brightest men that ever lived, always worked until the latter years of his life, and worked for forty years at the American Screw Company. Bank books were introduced in evidence showing that Mr. Tillinghast during many years saved his money and accumulated a fair amount of savings considering the wages that he must have received. There was also evidence of contracts, and receipts were introduced to show that he took an active part in the building of the house upon the land in question. We can also draw the inference from the circumstances that the deeding of the house lots to his wife, or to the lady who soon afterwards became his wife, was the most natural thing to do under the circumstances that existed, as shown by the evidence. There was evidence also which tended to show that Mrs. Tillinghast supplied some of the money for the building of the home. There

was no evidence to show that Mr. Tillinghast did not fully understand the transaction of deeding the land to Mrs. Baker or that he did it under any domination or coercion.

Considering the way Mr. Tillinghast conducted himself during his life, the length of time he worked, the savings that he accumulated, and what he did during the time and for some time after the execution of the deed, it seems to the Court that he was a man of average, ordinary intelligence, and that he knew what he was doing at the time of the execution of the deed and fully understood the transaction. Therefore, this Court does not feel that it is justified in granting the prayer of the complainant to cancel the deed dated January 2, 1923, on the ground that Mr. Tillinghast was insane. If the deed of January 2, 1923, is legal, then, of course, all other deeds mentioned in the complainant's bill of complaint are legal, and it must necessarily follow that the Court refuse to cancel any and all other deeds mentioned in said bill of complaint.

The Court denies to the complainant the relief prayed for in this case.

For complainant: Everett Higgins.

For respondent: Morgan & Morgan.